UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIK SALAIZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | EP-22-CV-00340-DCG |
| | § | |
| ALLEVIATE TAX, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER RECONSTRUING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT AND REFERRING MOTION TO MAGISTRATE JUDGE

*Pro se* Plaintiff Erik Salaiz has asked the Clerk of Court to enter a default judgment in his favor under Federal Rule of Civil Procedure 55(b)(1). Request, ECF No. 8. For the following reasons, the Court **RECONSTRUES** Plaintiff's request as a Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(2) and **REFERS** the Motion to U.S. Magistrate Judge Miguel A. Torres for a **REPORT AND RECOMMENDATION**.

### I.     BACKGROUND

Plaintiff sued Defendant Alleviate Tax, LLC for allegedly violating the Telephone Consumer Protection Act ("TCPA") and the Texas Business & Commerce Code. Compl., ECF No. 1. The docket indicates that Plaintiff served Defendant with process on October 5, 2022. Summons Returned Executed, ECF No. 3. Thus, Defendant's deadline to answer or otherwise respond to Plaintiff's Complaint was October 26, 2022. *See* FED. R. CIV. P. 12(a)(1)(A) (providing, with exceptions not relevant here, that "[a] defendant must serve an answer . . . . within 21 days after being served with the summons and complaint").

Defendant did not file an answer, move to dismiss the case, move to extend its response deadline, or take any other action in this case by October 26, 2022. The Clerk of Court therefore

entered a default against Defendant on November 14, 2022.  Default, ECF No. 5; *see also* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").  Plaintiff now asks the Clerk to enter a default judgment against Defendant and award him $67,500 in statutory damages under the TCPA and the Texas Business & Commerce Code.  *See* Request; Aff., ECF No. 8-2, at 1; *see also* FED. R. CIV. P. 55(b)(1).

## II.    ANALYSIS

Federal Rule of Civil Procedure 55(b) establishes two routes by which a plaintiff may seek a default judgment against a defendant who has failed to appear.  *See* FED. R. CIV. P. 55(b)(1)–(2); *see also, e.g.*, *United States ex rel. EP Emp. Servs., LLC v. Build Masters Constr., LLC*, No. 19-CV-00362, 2021 WL 2786665, at *2 (W.D. Tex. May 20, 2021).  With exceptions not relevant here, "[i]f the plaintiff's claim is for *a sum certain* or *a sum that can be made certain by computation*," then the plaintiff may ask the *Clerk of Court* to enter a default judgment under Rule 55(b)*(1)*.  FED. R. CIV. P. 55(b)(1) (emphasis added).  "In all other cases, the party must apply to the *court* for a default judgment" under Rule 55(b)*(2)*.  FED. R. CIV. P. 55(b)(2) (emphasis added).

Here, Plaintiff asks the Clerk—not the Court—to enter a default judgment in his favor under Rule 55(b)(1).  Request; Proposed J., ECF No. 8-3.  Plaintiff apparently believes that, because he's seeking the maximum available statutory damages under the TCPA and the Texas Business & Commerce Code,[1] his claims are "for a sum certain or a sum that can be made

---

[1] *Compare* Aff. at 1 (seeking "$500 in statutory damages" per violation under 47 U.S.C. § 227(b)(3)(B), "$500 in statutory damages" per violation under 47 U.S.C. § 227(c)(5)(B), and "$5,000 in statutory damages" per violation under TEX. BUS. & COM. CODE § 302.302), *with* 47 U.S.C. § 227(b)(3)(B) (authorizing a plaintiff to "receive $500 in damages for each . . . violation" of 47 U.S.C. § 227(b) or its implementing regulations), *and id.* § 227(c)(5)(B) (authorizing a plaintiff "to receive up to $500 in damages for each . . . violation" of the regulations implementing 47 U.S.C. § 227(c)), *and* TEX.

- 2 -

certain by computation," and that the Clerk therefore has authority to enter a judgment in his favor without the Court's intervention.  FED. R. CIV. P. 55(b)(1).

The Court questions whether Plaintiff's assumption is correct.  As the Court previously explained to the litigant who notarized the affidavit that Plaintiff filed with his request,[2] District Judges in this Circuit and elsewhere have disagreed regarding whether a claim for statutory damages is a claim "for a sum certain or a sum that can be made certain by computation."[3]  Two of the three provisions Plaintiff invokes to support his claim for statutory damages do not require the Court to award a fixed amount of statutory damages; rather, they authorize the Court to select a damages figure from a statutory range.[4]  For instance, Plaintiff seeks statutory damages under 47 U.S.C. § 227(c)(5)(B), *see* Aff. at 1, which authorizes the Court to award "*up to* $500 in

---

BUS. & COM. CODE § 302.302 ("A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation.").

[2] *See* Order Reconstruing Plaintiff's Request for Default Judgment and Referring Motion to Magistrate Judge at 2–4, *Arredondo v. Monetary Inquisition Grp., LLC*, No. 3:22-CV-236 (W.D. Tex. Oct. 20, 2022), ECF No. 25; *see also* Aff. at 2 (notarization by Mabel Arredondo).

[3] *Compare, e.g.*, *Nagy v. George*, No. 3:07cv368, 2007 WL 9717320, at *2 (N.D. Tex. July 3, 2007) (asserting that "actions . . . for statutory damages" are claims "for a 'sum certain'") (quoting *United States v. Aguirre*, No. H-85-5889, 1986 WL 13935, at *1 (S.D. Tex. Dec. 8, 1986)), *and Mohon v. Nat'l Cong. of Emps., Inc.*, No. 1:19-cv-00652, 2021 WL 601816, at *2 (D.N.M. Feb. 16, 2021) (concluding that "the amount of statutory damages" available for TCPA violations is "a sum certain and readily capable of mathematical calculation" for the purposes of Rule 55(b)(1)), *with, e.g.*, *DISH Network L.L.C. v. Barrett*, No. 1:16cv292, 2016 WL 7240144, at *2 (S.D. Miss. Dec. 14, 2016) ("[S]tatutory damages do not 'transform this suit into one for a "sum certain" as contemplated by Rule 55(b)(1), particularly where the amounts of statutory damages are left to the court's discretion.'" (quoting *DirecTV v. Alvares*, No. Civ.A.L:03 38, 2004 WL 3704093, at *3 (S.D. Tex. Mar. 23, 2004))), *and JUUL Labs, Inc. v. Gladys Smoke Shop, Inc.*, No. 1:20-cv-353, 2021 WL 7184950, at *2 (E.D. Tex. Sept. 7, 2021) (holding that the amount of damages the plaintiff sought in its default judgment request was "not for a sum certain" for the purposes of Rule 55(b)(1) "because [the plaintiff] relie[d] on statutory damages").

[4] By contrast, 47 U.S.C. § 227(b)(3)(B) does *not* give judges discretion to select a damages figure from a statutory range; it instead flatly requires courts to award "$500 in damages for each . . . violation." 47 U.S.C. § 227(b)(3)(B); *see also, e.g.*, *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 962 (8th Cir. 2019) ("'$500 means $500.  A separate provision of the TCPA allows damages of '*up to* $500 in damages' per violation, illustrating well that Congress knows how to create flexibility in statutory damages, but did not do so here." (cleaned up)).

damages for each . . . violation" of the regulations implementing 47 U.S.C. § 227(c), *see* 47 U.S.C. § 227(c)(5)(B) (emphasis added).  Because that provision gives courts discretion to award damages as high as $500, as low as one cent, and anywhere in between,[5] the Court questions whether Plaintiff's Section 227(c) claim is truly a "claim . . . for a sum certain or a sum that can be made certain by computation."  FED. R. CIV. P. 55(b)(1).[6]  The same goes for Plaintiff's request for statutory damages under Texas Business & Commerce Code § 302.302, *see* Aff. at 1, which authorizes a court to award "*not more than* $5,000 for each violation" of Chapter 302 of the Code, TEX. BUS. & COM. CODE § 302.302 (emphasis added).

Rather than take a side on this issue (and potentially force Plaintiff to revise and refile his request), the Court will reconstrue Plaintiff's request that the *Clerk* enter a default judgment in his favor under Rule 55(b)*(1)* as a request that the *Court* enter a default judgment under Rule 55(b)*(2)*.  *Cf., e.g., Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021) ("Where . . . all of plaintiffs' default judgment claims cannot be determined under Rule 55(b)(1), the issue of default judgment must be decided under Rule 55(b)(2).  Therefore, the Court construes plaintiffs' application for default judgment pursuant to Rule 55(b)(1) as a motion for default judgment under FED. R. CIV. P. 55(b)(2).").

---

[5] *See, e.g., Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 WL 2577489, at *3 (S.D. Ohio July 3, 2012) ("[G]iven the words used by Congress—'up to $500 in damages' rather than simply '$500 in damages'—courts have held that '[t]he award of statutory damages [under 47 U.S.C. § 227(c)(5)(B)] is a matter committed to the district court's discretion.'").

[6] *See also, e.g., Charvat*, 2012 WL 2577489, at *3 ("Given the existence of a discretionary element to the total damage claim [under 47 U.S.C. § 227(c)(5)(B)], this is simply not a case in which the Clerk may enter a default judgment."); *cf. DISH Network*, 2016 WL 7240144, at *2 ("[S]tatutory damages do not 'transform this suit into one for a "sum certain" as contemplated by Rule 55(b)(1), particularly where the amounts of statutory damages are left to the court's discretion.'" (quoting *DirecTV*, 2004 WL 3704093, at *3)).

### III.    CONCLUSION

The Court thus **RECONSTRUES** Plaintiff Erik Salaiz's "Request for Entry of Default Judgment for Sum Certain" under Federal Rule of Civil Procedure 55(b)(1) as a Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(2).  ECF No. 8.

Having so construed the Motion, the Court **REFERS** the Motion to U.S. Magistrate Judge Miguel A. Torres for a **REPORT AND RECOMMENDATION**.[7]

The Court **DIRECTS** the Clerk to mail this Order to Plaintiff at the following address:

Erik Salaiz
319 Valley Fair Way
El Paso, TX 79907

The Court likewise **DIRECTS** the Clerk to mail this Order to Defendant at the following addresses:

Alleviate Tax, LLC
17592 17th St.
Suite 200
Tustin, CA 92780

Alleviate Tax, LLC
c/o Jonathan Yong
8 Corporate Park
Suite 300
Irvine, CA 92606

Alleviate Tax, LLC
4 Park Plaza
Suite 2050
Irvine, CA 92614

---

[7] *See* 28 U.S.C. § 636(b)(1)(B); W.D. TEX. L.R. APP'X C.

Finally, the Court **WARNS** Alleviate Tax, LLC that its deadline to respond to Plaintiff's request for a default judgment is **November 30, 2022**.[8]  If Alleviate does not respond or obtain an extension by that date, and the Court ultimately grants Plaintiff's Motion, the Court may award Plaintiff as much as $67,500 in damages against Alleviate.[9]

**So ORDERED and SIGNED this 17th day of November 2022.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See* W.D. TEX. L.R. CV-7(d)(2) (providing, with exceptions not relevant here, that a response to a motion "shall be filed not later than 14 days after the filing of the motion").

[9] *See* Aff. at 1.